IN THE MATTER OF THE JUDICIAL ACCOUNTING OF JACOB STORM, AS SURVIVING EXECUTOR AND TRUSTEE, ETC., OF ABRAHAM STORM, DECEASED.

*Executor — liability of, for money paid to his coexecutor and misappropriated by him.*

The appellant, Storm, paid to his coexecutor Haight, the sum of $1,200 in good faith, and for the purpose of having him discharge therewith a legacy of that amount given to Haight's wife. At the time the payment was made, Haight was reported to be wealthy and Storm believed him to be perfectly solvent. Haight having misappropriated the money, the surrogate, upon Storm's accounting, charged him with it.

*Held,* that this was proper; that Storm parted with the possession of the funds of the estate at his peril, and was answerable for the acts of his coexecutor in the same manner that he would have been for the acts of a stranger to whom he might have intrusted them.

APPEAL from an order of the surrogate of Westchester county disallowing an item of $1,200, with which the appellant, Storm, had credited himself on the accounting, and refusing to allow him to give further evidence as to the circumstances under which and the purposes for which he had paid the said amount to his coexecutor.

*Wm. F. Purdy,* for Jacob Storm, appellant.

*H. C. Griffin,* for Oscar Barker, respondent.

GILBERT, J.:

The appellant, Jacob Storm, and Henry L. Haight, were executors and trustees under the will of Abraham Storm, deceased. Haight died in 1881. Upon the accounting of Storm in the Surrogate's Court he had credited himself in his account with the

sum of $1,200, paid to his coexecutor, Haight, to pay legacies. This sum was misappropriated by Haight and was lost to the estate. The surrogate disallowed the credit. Storm then moved for leave to produce evidence that he believed, when he paid said sum to Haight, that the latter was perfectly solvent, that he was reputed to be wealthy, and that the sum lost was intrusted to Haight in good faith, for the purpose of discharging a legacy to Haight's wife.

We think the surrogate decided correctly. While an executor is not chargeable for a *devastavit* of his coexecutor, yet he is chargeable with all the assets of the deceased which have been actually received by him. He is not discharged from liability by showing that he intrusted such assets or any part thereof to his coexecutor for the purpose of administration. It was his duty to conduct such administration himself, and he is answerable for his coexecutor in the same manner as he would have been for a stranger to whom he had intrusted such assets. In other words, he parted with the possession of the funds of the estate at his peril. The rule is well settled, and it is too important to be relaxed. (*Croft* v. *Williams*, 23 Hun, 104; *Clark* v. *Clark*, 8 Paige, 153; *Adair* v. *Brimmer*, 74 N. Y., 539.)

The order must be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order of surrogate affirmed, with costs and disbursements.